UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHY GHISELLI, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-990 |
| | § | |
| GREYHOUND LINES, INC., | § | |
|    *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Magistrate Judge's Memorandum and Recommendation (Dkt. 48) (hereinafter "M&R") recommending that Defendant Greyhound Lines, Inc.'s Amended Motion for Summary Judgment (Dkt. 43) be granted. After considering the M&R, the Amended Motion for Summary Judgment, Plaintiff's Written Objections to the M&R, Defendant's Response to Plaintiff's Objections to the M&R, Defendant's Supplemental Response to Plaintiff's Objections, Plaintiff's Reply to Defendant's Supplemental Response, and the applicable law, the court is of the opinion that Plaintiff's Written Objections should be OVERRULED and the M&R should be ADOPTED IN FULL.

**I. LEGAL ANALYSIS**

Federal Rule of Civil Procedure 72(b) pertains to dispositive motions and requires the district court to review de novo the portions of a magistrate judge's recommendation to which the nonmovant has properly objected. FED. R. CIV. P. 72(b). Based on its review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

This is an Equal Pay Act lawsuit in which Plaintiff Kathy Ghiselli contends that her employer, Defendant Greyhound Lines, Inc. ("Greyhound"), pays recently hired males who hold the

same position as Ghiselli and have less tenure and experience more than it pays Ghiselli. Dkt. 23. Ghiselli also asserts claims under the Texas Labor Code. *Id.* Greyhound moved for summary judgment on all claims. Dkt. 43. The Magistrate Judge recommended that Greyhound's motion for summary judgment with regard to the Texas Labor Code be granted as untimely and that the motion for summary judgment with regard to the Equal Pay Act claim be granted because there is no evidence that Ghiselli's gender played a part in any decision regarding her starting salary or merit pay increases. Dkt. 48. Ghiselli does not object to the Magistrate Judge's findings with regard to the Texas Labor Code. *See* Dkt. 49. Ghiselli does object, however, to the Magistrate Judge's finding that Ghiselli's gender did not play a role in the salary differences between Ghiselli and comparators Charles Glidewell, Stephen Gaines, and Todd Bernard. *Id.* She also contends that even if the court were to determine that Greyhound met its burden of producing a non-discriminatory reason for the differences in pay, the Magistrate Judge erred in not finding that the reasons were pretextual. *Id.*

**A.     Objections Relating to Charles Glidewell and Todd Bernard**

The Magistrate Judge correctly concluded that Greyhound met its burden of showing the differences in the salaries of Glidewell, Bernard, and Ghiselli during the relevant timeframe are justified under one of the Equal Pay Act's four exceptions. *See* Dkt. 48 at 16. The Magistrate Judge found that Glidewell's starting salary was higher than Ghiselli's because he had more experience as a supervisor than Ghiselli. *Id.* at 17-18. The Magistrate Judge noted that Bernard's salary was higher than Ghiselli's because he transferred from the internal information technology department, a department within Greyhound that already has somewhat higher salaries than other departments, and because he agreed to relocate to California, an area with a higher cost-of-living. Dkt. 48 at 21-22 (citing Dkt. 45-2, Ex. B).

2

With regard to Glidewell, Ghiselli argues that Greyhound did not consider her experience in the same way, or at all, as it did for Glidewell and the other male Area Managers. Dkt. 49. Ghiselli had thirteen years of prior experience in supervisory positions, actual experience as an Area Manager, and six years of experience working for a commissioned Agency that was contracted by Greyhound in which she had management responsibilities. *Id.* Glidewell had *twenty-five* years of experience managing convenience stores and eights years in a position comparable to the Area Manager position. Dkt. 48 (citing Dkt. 43-1, Ex. 3). Any way one adds this up, Glidewell had *more* managerial experience than Ghiselli. Ghiselli's starting salary was $34,583. *Id.* (citing Dkt. 43-1, Ex. 5). Glidewell's starting salary was $37,500. *Id.* (citing Dkt. 43-1, Ex. 10). The difference in management experience is a factor other than sex that justifies the $2,917 difference in starting salaries.

With regard to Bernard, Ghiselli argues that prior salary alone cannot justify pay disparity and that there must be some other non-gender factor such as experience to justify the difference in pay. Dkt. 49 (citing *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1571 (11th Cir. 1988). As far as being paid more because of the transfer to California, Ghiselli characterizes this as a "reward for accepting a new position" and notes that she was not similarly rewarded when she was promoted to Area Manager. The court agrees with Ghiselli that prior salary alone cannot justify pay disparity. *See Glenn*, 841 F.2d at 1570-71 & n.9 (noting that the purpose of the Equal Pay Act is to ensure equal pay for equal work and allowing a market force theory to justify pay differential goes against the purpose of the Act). However, Greyhound's nondiscriminatory reason for paying Bernard more was not based on his prior salary alone. It was also based on the fact that Bernard was transferring to a higher cost-of-living area. The pay incentive for moving to California was not, as Ghiselli contends, a "reward for accepting a new position." Rather, it was an incentive to move to a different

3

area where the dollar does not go as far. The court finds that this is a legitimate reason other than sex for the pay disparity.

Because the Magistrate Judge correctly found that Greyhound based the starting pay for Ghiselli, Bernard, and Glidewell on factors other than sex, Ghiselli's objections with regard to Glidewell's and Bernard's starting salaries are OVERRULED.

**B.     Objections Relating to Stephen Gaines**

Ghiselli objects to the Magistrate Judge's finding that Gaines' higher starting salary was based on factors other than sex and the Magistrate Judge's conclusion that Gaines' merit increase in 2010 that was greater than Ghiselli's because Gaines assisted in an initiative earlier that year. Dkt. 49. With regard to the starting salary, Ghiselli asserts that the Magistrate Judge failed to take into account competent summary judgment evidence as to Ghiselli's prior experience, training, and skills. *Id.* With regard to the merit increase, Ghiselli asserts that there is insufficient evidence in the record to support the Magistrate Judge's conclusion. *Id.*

First, the court notes that neither Ghiselli nor Gaines received a pay raise when being moved into the Area Manager position. Dkt. 48 (citing Dkt. 43-1, Ex. 12). Gaines's starting salary when he became an Area Manager in 1989 was $34,737.36. *Id.* (citing Dkt. 43-1, Ex. 12). Ghiselli's starting salary when she became an Area Manager in 1992 was $34,583. *Id.* (citing Dkt. 43-1, Ex. 13). While the court gives consideration to the $154.36 per year difference in starting salaries, the court agrees with the Magistrate Judge's conclusion that this difference is justified by the fact that neither Ghiselli's nor Gaines's salary changed with the promotion and that both starting salaries were in the bottom quartile of the salary range. Dkt. 48. Thus, Ghiselli's objection relating to Gaines's starting salary is OVERRULED.

With regard to Ghiselli's argument that Gaines's merit-based increase was improperly higher than Ghiselli's, the court finds that Greyhound has met its burden of showing that the difference in the increase was based on a merit system.  Gaines received a salary increase of 4.5% in August 2010 when Ghiselli's salary increase was only 3%.  Dkt. 48; Dkt. 43-1, Ex. 3.  Originally, there was no summary judgment evidence relating to Gaines's performance rating in 2010, and the Magistrate Judge based her conclusion that the difference in salary increases was due to a factor other than sex on the fact that Gaines had greatly assisted Greyhound in a special initiative to convert its facilities to facilities that were more efficient and convenient for its customers.  Dkt. 48.  However, Greyhound has since supplemented the record to reflect Gaines's performance rating, and Ghiselli has responded to the supplemental evidence.  *See* Dkts. 53, 55.  Gaines's performance rating in 2010 was 4.8.  Dkt. 53, Ex. 1.  Ghiselli's performance rating in 2010 was 4.1.  Dkt. 45-2 at 81.  The court finds that this difference in performance ratings, particularly taken in conjunction with other factors outlined in the M&R, is sufficient to demonstrate that the difference in pay raises in 2010 was due to a factor other than sex.  Accordingly, Ghiselli's objections with regard to Gaines are OVERRULED.

**C.     Pretext**

Ghiselli argues that even if Greyhound satisfied its burden of justifying the pay disparity between Ghiselli and her male comparators under one of the four exceptions in the Equal Pay Act, the reasons are pretext and the real reason is discriminatory.  Dkt. 49.  As evidence of pretext, Ghiselli points out that when she complained to her employer about her male comparators' salaries, she was told that if she was not happy with her pay, she should look for work elsewhere.  *Id.*  Ghiselli equates this statement to a statement that the Southern District of Texas determined was evidence of pretext in *Wojciechowski v. National Oilwell Varco, LP*, 763 F. Supp. 2d 832, 853 (S.D.

5

Tex. 2011) (Jack, J.). In *Wojciechowski*, the court determined that a plaintiff being told that "she 'was making enough and that "[she] shouldn't have a problem paying another babysitter" because of all the extra work that [she] put in'" raised a genuine issue of fact as to whether the defendant's justification was pretextual. *Wojciechowski*, 763 F. Supp. 2d at 853. The court noted that, in addition to this comment, there were also questions about the veracity of the defendant's proffered explanation for the pay disparity. *Id.* The court held that "[b]ecause of the potentially sexist remark and the inconsistency in Defendant's explanation for the lower wages, summary judgment . . . is not appropriate." *Id.* Here, while there is a statement that Ghiselli could certainly have found offensive, there is nothing in the statement that can be construed as relating to her gender. And, unlike in *Wojciechowski*, Ghiselli has not coupled the offensive remark with any evidence that Greyhound's proffered reasons for the pay disparity are not worthy of credence. Accordingly, Ghiselli's objection that the Magistrate Judge should have found that Greyhound's reasons were pretextual is OVERRULED.

### III. CONCLUSION

Ghiselli's objections to the M&R are all OVERRULED. The M&R (Dkt. 48) is ADOPTED IN FULL. Greyhound's Amended Motion for Summary Judgment (Dkt. 43) is GRANTED and Ghiselli's claims against Greyhound are DISMISSED WITH PREJUDICE. A final judgment will be entered concurrently with this order.

Signed at Houston, Texas on March 17, 2014.

_____
Gray H. Miller
United States District Judge